IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

MARYAM E. MUHAMMAD,

                Plaintiff,                          OPINION and ORDER

v.

                                                                15-cv-41-wmc

BEVERLY LOUIS *et al.*,

                Defendants.
_____

On July 12, 2016, this court granted *pro se* plaintiff Maryam E. Muhammad leave to proceed on claims that several employees of the City of Madison Community Development Authority ("CDA") violated her rights under the constitution and federal law by terminating her housing benefits without providing due process. Specifically, Muhammad was granted leave to proceed against defendants Beverly Louis, Tom Conrad, Shelia Ashley and John Finger. At the same time, the court denied her leave to proceed against the U.S. Department of Housing and Urban Development ("HUD"), as none of her allegations suggested that HUD's policies or procedures were responsible for the alleged violation of due process. Plaintiff subsequently filed two motions for emergency injunctive relief (dkts. ##19, 35), seeking an order requiring CDA and HUD to reinstate her Section 8 voucher or pay her rent until the merits of this case have been decided. She argues that if her benefits are not reinstated, she may soon be homeless. Finally, she has filed a motion requesting assistance in recruiting counsel. (Dkt. #31.)

In response to her motion for a preliminary injunction, defendants filed motions to dismiss. Defendants clarify in their motions that defendants Shelia Ashley and John Finger are employees of HUD, not CDA, as plaintiff's complaint implies. These federal defendants

argue that the claims against them should be dismissed for lack of personal jurisdiction because they were improperly served under Rule 4 of the Federal Rules of Civil Procedure. The actual CDA employees, defendants Louis and Conrad, also argue that the claims against them should be dismissed: under *Rooker-Feldman*[1]; under the related doctrine of claim preclusion; and (3) for failure to state a claim under which relief may be granted.

While the motion to dismiss filed by the federal defendants will be granted, the court will deny the motion to dismiss filed by the CDA employees. Even so, plaintiff's request for emergency relief and for assistance in recruiting counsel must be denied for reasons set forth below.

OPINION

I. Motion to Dismiss Filed by Defendants Louis and Conrad

A. *Rooker-Feldman* Doctrine

Defendants' reliance on the *Rooker-Feldman* doctrine presents the threshold issue of whether this court lacks subject matter jurisdiction. In reviewing a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), a court accepts as true the well pleaded factual allegations found in the complaint, drawing all reasonable inferences in favor of the plaintiff. *Center for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). The court may also "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine

---

[1] The *Rooker–Feldman* doctrine -- derived from two Supreme Court decisions -- is based upon the recognition that lower federal courts do not have appellate authority over state courts. *Sykes v. Cook County Circuit Court Probate Division*, 837 F.3d 736, 741 (7th Cir. 2016) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)).

2

whether in fact subject matter jurisdiction exists." *Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008).

Under *Rooker-Feldman*, federal district courts lack jurisdiction over cases challenging state court judgments rendered before the district court proceedings commenced. *Exxon Mobil Corp. v. Saudi Indus. Corp.*, 544 U.S. 280, 284 (2005). If the *Rooker-Feldman* doctrine applies, a suit must be dismissed without prejudice under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. *See Frederiksen v. City of Lockport*, 384 F.3d 437, 439 (7th Cir. 2004); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The relevant question in determining whether *Rooker-Feldman* bars a particular claim is whether the plaintiff is seeking redress for an injury *caused by* the state court judgment. *See Iqbal v. Patel*, 780 F.3d 728, 730 (7th Cir. 2015) ("[T]he *Rooker-Feldman* doctrine asks what injury the plaintiff asks the federal court to redress.")

Defendants argue that plaintiff's due process claims are barred by *Rooker-Feldman* because she unsuccessfully litigated the exact same claims in state court. On March 28, 2014, plaintiff filed a petition against defendants Louis and Conrad in Dane County Circuit Court seeking review of the CDA's decision to terminate her housing voucher. *See Muhammad v. Louis*, 2014CV947 (Dane Cty. Cir. Ct.).[2] Plaintiff alleged in the circuit court petition that defendants "took the petitioner's Section 8 Voucher without due process of the law" during a March 18, 2016, hearing that was held without her. (*See* dkt. #23-1, petition). On July 31, 2014, the Dane County Circuit Court issued an order granting the

---

[2] The court may take judicial notice of matters of public record, including the state court docket, decisions and documents filed in that action that are publicly accessible. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997).

defendants' motion to dismiss the case "[f]or the reasons stated on the record at [a] May 6, 2014 hearing." (*See* dkt. #23-2.) Plaintiff appealed the circuit court dismissal to the Wisconsin Court of Appeals, but the court of appeals dismissed her appeal because she failed to file a brief in support. (*See* dkt. #23-3.) While that appeal was pending, plaintiff filed her § 1983 claims in this court.

Although claim preclusion remains a possibility, the court is not persuaded that *Rooker-Feldman* applies. Defendants did not submit a transcript from the hearing, so the court cannot determine the basis for the state court's dismissal of plaintiff's claims. However, the claims on which plaintiff was allowed to proceed in this case are not clearly based on an injury caused by the state court judgment. For example, this is not a case in which the plaintiff is asking a federal court to undo a state court garnishment or foreclosure order. Rather, plaintiff is alleging injuries caused by defendants' actions that occurred before the initiation of her state court case.

Although plaintiff is clearly hoping for a different result than she achieved in state court, she is not asking this court to review the state court's decision. Under these circumstances, *Rooker-Feldman* does not clearly apply. *See Iqbal*, 780 F.3d at 730 ("[I]f a plaintiff contends that out-of-court events have caused injury that the state judiciary failed to detect and repair, then a district court has jurisdiction."). Therefore, the court will deny the motion to dismiss on *Rooker-Feldman* grounds.

B.  **Claim Preclusion**

Defendants Louis and Conrad's assertion that plaintiff's claims are barred by claim preclusion is a stronger one, though ultimately not successful on this record.[3] In Wisconsin, the doctrine of claim preclusion holds that "a final judgment is conclusive in all subsequent actions between the same parties as to all matters which were litigated or which might have been litigated in the former proceedings." *Menard, Inc. v. Liteway Lighting Prods.*, 2005 WI 98, ¶ 26, 282 Wis. 2d 582, 698 N.W.2d 738 (emphasis added).  Wisconsin law requires the following essential elements for claim preclusion to apply: (1) an "identity between the parties or their privies in the prior and present suits"; (2) that the "prior litigation resulted in a final judgment on the merits by a court with jurisdiction"; and (3) an "identity of the causes of action in the two suits." *Sopha v. Owens-Corning Fiberglass Corp.*, 230 Wis. 2d 212, 601 N.W.2d 627, 637 (Wis. 1999).

The first two elements of claim preclusion appear satisfied:  the parties are the same and the prior litigation resulted in a final judgment.[4]  On the other hand, because the court cannot determine the basis for the state court's dismissal of the claim, the court cannot determine whether the dismissal was on the merits of plaintiff's claims or for some other reason.[5]

---

[3] Because this argument is being raised in a motion to dismiss under Rule 12(b)(6), the court must accept all of the well-pleaded allegations in plaintiff's complaint as true.

[4] Wisconsin's online court records state that the circuit court's dismissal of plaintiff's petition was "with prejudice." *Muhammad v. Louis*, 2014CV947, dkt. #31 (Dane Cty. Cir. Ct. May 6, 2014).

[5] For the same reasons, the court would not be able to determine whether issue preclusion may apply to bar plaintiff's claims.  Issue preclusion applies where an issue was actually litigated and decided by a previous court. *Mrozek v. Intra Fin. Corp.*, 2005 WI 73, ¶ 17, 281 Wis. 2d 448, 699 N.W.2d 54.

Even if the court had the benefit of the state court's reasoning, claim preclusion would not apply for another reason. The Seventh Circuit has explained that because a petition for review under Wis. Stat. ch. 68 is a limited form of review that does not permit the petitioner to request a jury or recover damages, claim preclusion does not bar a subsequent § 1983 suit in federal court. *Wilhelm v. County of Milwaukee*, 325 F.3d 843, 845-46 (7th Cir. 2003) (citing *Hanlon v. Town of Milton*, 612 N.W.2d 44, 48 (Wis. 2000)). Common law certiorari is similarly limited, *Ottman v. Town of Primrose*, 2011 WI 18, ¶ 35, 332 Wis. 2d 3, 796 N.W.2d 411, meaning that a common law certiorari action under Wisconsin law would likely not have preclusive effect on a later-filed § 1983 claim.

Here, plaintiff's state court petition appears to be either a petition for certiorari under Chapter 68 or a common law certiorari action seeking review of the CDA's decision terminating her housing benefits, though it is not entirely clear from the documents provided by defendants or the state court's records. Nonetheless, defendants do not address *Wilhelm* or *Hanlon* in their brief. It may be that plaintiff's state court petition was considered by the state court to be a civil action under § 1983, but defendants have not provided such information to the court. Instead, the limited information now before the court suggests that claim preclusion does not apply in this case. Accordingly, the court will deny defendants' motion to dismiss on the basis of claim preclusion without prejudice.

C.  **Failure to State a Claim**

Defendants Louis' and Conrad's final argument is that plaintiff's claim should be dismissed because any deprivation of her property right necessarily resulted from "random and unauthorized" acts of state or municipal actors for which plaintiff had a meaningful,

post-deprivation remedy. Defendants' argument is based on *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), in which the Supreme Court held the due process clause does not require "predeprivation process" in a situation involving loss of a property right "as a result of a random and unauthorized act by a state employee [and] not a result of some established state procedure." The Seventh Circuit has clarified that the rule in *Parratt* applies when the plaintiff claims she was "denied a meaningful pre-deprivation hearing, but under circumstances where the very notion of a pre-deprivation hearing would be impractical and even nonsensical, and where the deprivation was not carried out through established state procedures." *Armstrong v. Daily*, 786 F.3d 529, 539 (7th Cir. 2015). In other words, when a property deprivation is inherently unpredictable -- "random and unauthorized" to the extent that it could not be foreseen -- "no pre-deprivation hearing is required because it would be utterly impractical" and "more process is unlikely to make a difference." *Id.* In such situations, the plaintiff cannot sustain a federal procedural due process claim if an adequate post-deprivation remedy (such as a state law action) is available.

In an effort to fit under *Parratt*, defendants argue that plaintiff's due process claims fail because any decision by CDA employees to terminate her housing benefits without a hearing or proper notice must have been "random and unauthorized" and in violation of HUD regulations. They further argue that because plaintiff had an adequate remedy in state court, in the form of a certiorari action, she cannot sustain a federal due process claim. While creative, defendants' argument is unpersuasive.

Here, plaintiff alleges that defendants violated her due process rights by scheduling a hearing on a date that she could not attend and by failing to provide adequate notice regarding her rights. These allegations neither suggest that defendants' actions were

7

"random and unauthorized" nor that a meaningful pre-deprivation hearing or adequate notice would have been "impractical or nonsensical." Rather, they suggest that defendants could have provided better notice or rescheduled the hearing, but believed they had provided plaintiff sufficient process already.

In fact, defendants' own submissions in response to plaintiff's motions for emergency relief seem to confirm that defendants do not believe that any action taken against plaintiff was the result of a "random and unauthorized" act. In particular, defendant Conrad submitted a declaration in opposition to plaintiff's request for emergency relief that states the CDA gave plaintiff ample notice of her termination and attempted, albeit unsuccessfully, to schedule a hearing that would accommodate her schedule. Conrad's declaration implies that he believes CDA did all that was necessary under CDA or HUD policies and practice. *Parratt* does not apply to these circumstances. Accordingly, the court will deny defendants' motion to dismiss for failure to state a claim.

## II. Motion to Dismiss by Defendants Ashley and Finger

Defendants Ashley and Finger have filed a separate motion to dismiss on grounds that the court lacks personal jurisdiction over them because they have never been served properly. Defendants are correct. Based on the allegations of plaintiff's complaint, it was not clear that Ashley and Finger were federal employees of HUD in Milwaukee. Rather, the allegations suggested that they were CDA employees. Thus, the U.S. Marshal Service did not serve Ashley and Finger in accordance with Rule 4(i) of the Federal Rules of Civil Procedure applicable to federal officials. Generally, if service is not accomplished correctly, the court would order the U.S. Marshal Service to attempt service again, this time in compliance with Rule 4(i).

In this case, however, the court will not order service, at least on the current pleadings. As defendants point out in their motion to dismiss, plaintiff's complaint does not allege any facts suggesting that HUD employees in Milwaukee played *any* role in terminating her housing benefits in violation of due process. Even so, plaintiff was allowed to proceed against Ashley and Finger originally because her complaint suggested that they were CDA employees and, therefore, may have played some role in the denial of notice or scheduling of the CDA hearing. Now that it is clear they are not, there appears to be no basis on which plaintiff can assert a due process claim against them. The court concludes, therefore, that it would be a waste of resources for the U.S. Marshals to serve Ashley and Finger without sufficient allegations to state a claim against either. Accordingly, the court will dismiss these defendants from the case without prejudice.

### III. Motion for Emergency Relief

Plaintiff has filed two motions for emergency relief, seeking either reinstatement of her housing benefits and/or payment of rent by defendants. She alleges that she may soon be homeless if the court does not intervene. In particular, she submitted a "Five-Day Notice to Remedy Default or Vacate Premises" that she received from her landlord on February 7, 2017, which states that she must either vacate her residence or pay her unpaid rent.

Although the court is sympathetic to plaintiff's situation, the court must deny her requests for emergency relief at this time. As an initial matter, though not fatal, plaintiff's motions are procedurally defective because they fail to comply with this court's procedure for obtaining preliminary injunctive relief, a copy of which will be provided to her with this order. Under these procedures, a plaintiff must file and serve proposed findings of fact that

support her claims, along with evidence that supports those proposed findings. To date, plaintiff has submitted neither.

Even if plaintiff's motions were not facially flawed, the court would deny them on the merits at this time. Preliminary injunctive relief such as that requested by plaintiff is rarely granted. To prevail on a motion for a preliminary injunction, plaintiff must show: (1) a likelihood of success on the merits of his case; (2) a lack of an adequate remedy at law; and (3) an irreparable harm that will result if the injunction is not granted. *See Lambert v. Buss*, 498 F.3d 446, 451 (7th Cir. 2007). Here, plaintiff has yet to show a likelihood of success on the merits of her claims.

In order to show a likelihood of success on the merits, plaintiff would need to submit actual evidence in support of her claims, including more detailed information about the series of events that led to termination of her housing benefits and why she believes defendants are responsible. Moreover, defendant Conrad submitted a declaration in opposition to plaintiff's request for emergency relief stating that the CDA gave plaintiff ample notice of her termination and attempted, albeit unsuccessfully, to schedule a hearing that would accommodate her schedule. Based on this information, which plaintiff has failed to rebut or even respond to, she has yet to show any likelihood of success on her claims.[6] Accordingly, she is not entitled to emergency injunctive relief.

**IV. Motion for Assistance in Recruiting Counsel**

Finally, plaintiff has asked the court to assist her in recruiting counsel. This motion will be denied for two reasons. *First*, before the court will consider a request for assistance, it must first find that the plaintiff has made reasonable efforts to find a lawyer on her own and was

---

[6] The court is also concerned about the possibility that claim preclusion may still be applicable.

unsuccessful or was prevented from making such efforts. *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992). To prove that she has made reasonable efforts to find a lawyer, plaintiff must give the court letters from at least three lawyers who denied plaintiff's request for representation in this case. In particular, plaintiff should show an attempt to contact Neighborhood Law Clinic, Legal Action of Wisconsin, and/or Community Justice Inc. and if she has not done so, then explain why. Alternatively, if the lawyers to whom plaintiff contacts do not respond after 30 days, plaintiff may explain the efforts she took to obtain a lawyer in a declaration sworn under penalty of perjury. 28 U.S.C. § 1746. At minimum, plaintiff should include the date she sent the letters and a copy of the letters themselves. Plaintiff has not yet complied with this prerequisite.

*Second*, in determining whether to recruit counsel for a pro se litigant, the relevant question is whether the complexity of the case exceeds the plaintiff's ability to litigate it. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). Here, plaintiff has not even attempted to explain why she believes she needs assistance in litigating this case. The court is not persuaded that plaintiff needs assistance at this time. Based on the information before the court at this stage, it appears that plaintiff's claims are straightforward and can be resolved once the facts are flushed out. Since most of the relevant facts will be known by plaintiff herself, she should be able to present her version of events to the court without assistance of an attorney. Accordingly, her request will be denied without prejudice at this time.

## ORDER

IT IS ORDERED that:

1. The motion to dismiss filed by defendants Shelia Ashley and John Finger (dkt. #25) is GRANTED. Plaintiff's claims against defendants Ashley and Finger are

DISMISSED without prejudice for failure to state a claim against them upon which relief may be granted.

2. The motion to dismiss filed by defendants Beverly Louis and Tom Conrad (dkt. #21) is DENIED.

3. Plaintiff's motions for emergency relief (dkts. ##19, 35) and request for assistance in recruiting counsel (dkt. #31) are DENIED.

Entered this 11th day of May, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge