IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────────

MARYAM E. MUHAMMAD,

                Plaintiff,                OPINION and ORDER

   v.

                                                   15-cv-41-wmc

BEVERLY LOUIS *et al.*,

                Defendants.
───────────────────────────────────────────────────────────────

*Pro se* plaintiff Maryam E. Muhammad is proceeding in this civil lawsuit on claims that employees of the City of Madison Community Development Authority ("CDA") violated her rights under the constitution and federal law by terminating her housing benefits without providing due process. Defendants' motion for summary judgment recently came under advisement, but in the meantime plaintiff has filed a motion to compel (dkt. 52), which I am denying.

In her motion, plaintiff claims that defendants failed to respond appropriately to her request to produce documents that she served on February 21, 2018, in which she requested her CDA files from October 2005 to March 18, 2014. Defendants explain that provided plaintiff with copies of all records in her CDA files pertaining to the 2014 termination of plaintiff's Section 8 housing voucher, but that they objected to producing any other records in plaintiff's CDA files because it would be overly burdensome (plaintiff's files date back to 2002), and, regardless, would not lead to the discovery of relevant evidence. Furthermore, defendants informed plaintiff that she could copy the excluded portion of her CDA file at her own expense.

Defendants' objection and counterproposal are logical, fair and therefore persuasive. This lawsuit is about whether defendants violated plaintiff's rights in 2014 when plaintiff's housing benefits were terminated. While plaintiff's files related to this termination proceeding are relevant, production of *all* of plaintiff's extensive CDA files is irrelevant and overly burdensome. Plaintiff has not explained how other portions of her files would lead to admissible evidence.

ORDER

IT IS ORDERED that plaintiff's motion to compel (dkt. 52) is DENIED.

Entered this 27th day of April, 2018.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge